# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GARY LLOYD BARNES,

        Plaintiff,

  v.

UNITED STATES OF AMERICA'S
ATTORNEY GENERAL JEFF SESSIONS,

        Defendant.

Case No. 17-C-0688

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Jeff Sessions, Attorney General of the United States, by his attorneys Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Susan M. Knepel, Assistant United States Attorney, for said district, submits the following brief in support of his Motion to Dismiss.

### INTRODUCTION

**A. Present Complaint**

*Pro se* plaintiff, Gary Lloyd Barnes, filed this action on May 16, 2017, in the United States District Court for the Eastern District of Wisconsin alleging that the "Winner-take-all" allocation of votes in the Electoral College for President and Vice President is unconstitutional. Mr. Barnes further alleges that the Electoral College votes that were submitted on December 19, 2017, and subsequently counted by the Senate on January 6, 2017, were illegitimate and that as a result, President Donald Trump and Vice President Mike Pence's election to their respective offices was also illegitimate. Jeff Sessions is named in his capacity as Attorney General of the United States. Mr. Barnes asks the court to rule that (1) the Winner-take-all method is

unconstitutional; (2) The electoral votes that were counted on January 6, 2017, are invalid; (3) President Donald Trump must be removed from office, (4) Vice President Mike Pence must be removed from office, (5) all official action by President Trump and Vice President Pence must be reversed; (6) all officials appointed by the Trump administration must be removed, (7) an injunction will be issued to prevent President Trump from issuing any additional executive orders or making additional appointments, (8) Vice President Joseph Biden must be sworn in as President, and (9) that the House of Representatives must select a Vice President.[1]

### B. Background

On December 19, 2016, Presidential Electors met, pursuant to 3 U.S.C. § 7, in their respective states and cast their votes for President and Vice President of the United States. *See* 2 U.S.C. § 7 (Electors must meet "on the first Monday after the second Wednesday in December"). Those votes are recorded on six certificates and sent to various locations and personell as required by statute, one of which is to the President of the Senate. *See* 3 U.S.C. § 11. On January 6, 2017, The House of Representatives and the Senate met in joint-session to count the electoral votes and Vice President Joseph Biden announced that Donald Trump and Mike Pence were President and Vice President Elect. 163 Cong. Rec. H185-90; 3 U.S.C. § 15 (requiring Congress to meet on January 6 to certify the Electoral Votes).

### ARGUMENT

### A. Courts Cannot Question the Constitutionality of the Existence of the Electoral College

The Electoral College is established in the Constitution as the method of deciding the President and Vice-President of the United States. U.S. Const. art. II, § 1, cl. 2. Each state is

---

[1] Mr. Barnes has previously filed an action against the State of Wisconsin for substantially similar claims. *Barnes v. Wisconsin*, 16-cv-01692. This action was voluntarily dismissed after a motion for a preliminary injunction was denied. (Dkt. 7).

2

granted a number of electors equal to the number of its senators and representatives. *Id.* The existence of the Electoral College "cannot be questioned constitutionally since the Electoral College is established in the Constitution." *Irish v. Democratic-Farmer-Labor Party of Minn.*, 287 F. Supp. 794, 803 (D. Minn.), *aff'd*, 399 F.2d 119 (8th Cir. 1968); s*ee also New v. Ashcroft*, 293 F. Supp. 2d 256, 259 (2003). Courts can only overturn laws when they are "repugnant to the constitution," they cannot overturn or change the constitution because they "are bound by that instrument." *Marbury v. Madison*, 5 U.S. 137, 180 (1803).

### B. Mr. Barnes Lacks Standing Because He Did Not Suffer a Particularized Injury; Jeff Sessions Did Not Cause Any Injury, and Jeff Sessions Cannot Redress the Alleged Injury.

A plaintiff has standing when (1) he has suffered an injury of fact – one that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); (2) "[T]here must be a clear causal connection between the injury and the conduct complained of – the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court;'" and (3) a judicial ruling would be likely to redress the issue. *Id.* at 560-561 (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26 (1976). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* "[W]hen evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly-Iqbal's* 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Silha v. Act, Inc.,* 807 F.3d 169, 174 (7th Cir. 2015).

Mr. Barnes challenges the legitimacy of electoral votes cast by members of the Electoral College from "all of the states, congressional districts and the District of Columbia." Compl. 2.

3

Mr. Barnes alleges that the winner-take-all method of allocating a state's Electoral College votes is unconstitutional. The winner-take-all method of allocating votes in the Electoral College awards all of a state's votes to the candidate with the most votes in the popular election. NATIONAL ARCHIVES AND RECORDS ADMINISTRATION: U.S. ELECTORAL COLLEGE, https://www.archives.gov/federal-register/electoral-college/faq.html#wtapv (last visited June 27, 2017). For example, if a candidate for president receives forty nine percent of the vote and the second place candidate receives forty seven percent of the vote, the candidate with forty nine percent receives all one-hundred percent of the Electoral College votes allocated to the state. *Id*.

The only other method of allocating Electoral College votes is the one used by Nebraska and Maine where the votes can be split between multiple candidates. *Id.* For example, in Maine, there are four votes and two congressional districts. *Id.* The winner of the popular vote in a congressional district gets that districts vote, and the winner of the state-wide vote gets the remaining two votes allocated to them. *Id.* In the 2016 presidential election, this led to the State of Maine allocating three votes to Hillary Rodham Clinton and one vote for Donald J. Trump. State of Maine: Certificate of Vote, https://www.archives.gov/federal-register/electoral-college/2016-certificates/pdfs/vote-maine.pdf.

Mr. Barnes has not suffered any injury as a result of the winner-take-all method used in other states because that method does not change the weight that his vote has in deciding the outcome of the election. Mr. Barnes was not injured by the winner-take-all method in Wisconsin either because, even if Wisconsin used a proportional system such as the one used in Maine, the change in electoral college votes would not have been sufficient to change the outcome of the presidential election.

4

Even if Mr. Barnes has suffered an injury, he has failed to show causation. The Electors met in their respective states to vote in December, 2016. 3 U.S.C. § 7. The ballots were then sent to the various officials and departments mandated by statute. 3 U.S.C. § 11. None were sent to Jeff Sessions as an individual or in his capacity as Attorney General, nor were they sent to the office of the Attorney General. *Id.* The ballots were certified by a joint session of Congress, led by Vice President Joseph Biden. 163 Cong. Rec. H185-90; 3 U.S.C. § 15. Attorney General Jeff Sessions was not in office at the time that these events occurred. THE UNITED STATES DEPARTMENT OF JUSTICE: MEET THE ATTORNEY General, https://www.justice.gov/ag/staff-profile/meet-attorney-general (last visited June 27, 2017). The Office of the Attorney General, led by Loretta Lynch during this process, played no role. 3 U.S.C. § 11; 163 Cong. Rec. H185-90; 3 U.S.C. § 15. There is no causation. Therefore, the second required element of standing has not been met.

Finally, a judicial ruling could not possibly redress the issues because Jeff Sessions cannot enact the relief that Mr. Barnes seeks. Neither Attorney General Jeff Sessions nor the Office of the Attorney General decides how the electoral votes are allocated in their respective states because that determination has been left to the states, *e.g.* Wis. Stat. §§ 8.16, 8.18, 7.75, nor do they participate in the Senate's certification of the votes. 3 U.S.C. § 15; U.S. Const. Amend. XII.

A party may move to dismiss a case under Federal Rule of Civil Procedure 12(b)(1) when there is a lack of standing. *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F. 3d 285, 289 (7th Cir. 2016). Because Mr. Barnes' complaint fails to meet any of the elements required to create standing, the court lacks subject-matter jurisdiction and should dismiss pursuant to 12(b)(1).

5

### C. Mr. Barnes's Claims Are Moot Because the Senate Has Already Declared the Winner of the Presidential Election.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Mr. Barnes claims that Electoral College members falsified vote totals. The electoral votes have since been cast and the United States Congress has already certified them and announced Donald Trump as the President and Mike Pence as the Vice President. Mr. Barnes does not appear to be challenging the Senate's certification, and even if he does, Attorney General Jeff Sessions cannot undo that action. The process to challenge electoral votes requires a written objection to be submitted to the President of the Senate while the votes are counted and requires the signature of at least one Congressman and one Senator. NATIONAL ARCHIVES AND RECORDS ADMINISTRATION: U.S. ELECTORAL COLLEGE, https://www.archives.gov/federal-register/electoral-college/faq.html#wtapv (last visited June 27, 2017). Mr. Barnes's claims are moot. Therefore he has failed to state a claim on which relief can be granted and the court should dismiss this complaint under Federal Rule 12(b)(6).

### CONCLUSION

Wherefore, based on the arguments herein, the plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), or Fed. R. Civ. P. 12(b)(6) for lack of standing and mootness.

Dated this 13th day of July 2017.

        GREGORY J. HAANSTAD
        United States Attorney

By:  s/Susan M. Knepel
      SUSAN M. KNEPEL
      Assistant United States Attorney
      Wisconsin State Bar No. 1016482

530 Federal Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 297-1723
Facsimile: (414) 297-4394
Email: susan.knepel@usdoj.gov