# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GARY LLOYD BARNES,

    Plaintiff,

        v.

UNITED STATES OF AMERICA'S
ATTORNEY GENERAL JEFF SESSIONS,

    Defendant.

Case No. 17-C-0688

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Jeff Sessions, Attorney General of the United States, by his attorneys Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Susan M. Knepel, Assistant United States Attorney for said district, submits the following reply brief in support of his motion to dismiss.

In this lawsuit, plaintiff seeks to have the "winner-take-all" method declared unconstitutional, to have President Trump and Vice President Pence removed from office, the expungement of executive orders, the removal of Presidential appointees, and Joseph Biden appointed as President.  Complaint at p. 13.  Based up this requested relief, it appears that plaintiff is seeking a combination of declaratory and injunctive relief.  However, a declaratory judgment "is not an independent source of federal subject matter jurisdiction." *GNB Battery Techs. V. Gould, Inc.,* 65 F.3d 615, 619 (7th Cir. 1995).  Likewise, "[a]n injunction is a type of remedy, as distinct from an underlying claim for relief . . . ." *Onyango v. Downtown Entm't,*

*LLC*, 525 F. App'x 458, 460 (7th Cir. 2013).[1]  Plaintiff must identify an independent private right of action through which a "judicially remediable right' already exists." *Seized Prop. Recovery, Corp. v. U.S. Customs & Border Prot.,* 502 F. Supp. 2d 50, 64 (D.D.C. 2007).  Plaintiff has failed to do so.

### A.   Civil Rights Statutes

Plaintiff argues in his responsive brief that he has standing to sue premised upon Title 42, United States Code, Sections 1983, 1985 and 1988 because plaintiff and "millions of other U.S. citizens [] were denied their right to vote for president and vice-president in the 2017 General Election for President, through the Electoral College voting Process."  Plaintiff's brief at p. 5.  Although the defendant recognizes that the Court must liberally construe *pro se* complaints, *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001), Plaintiff did not mention these statutes in his complaint, and because they were not pled as causes of action in the complaint, the defendant should not be forced to defend against them.  "It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal."  *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989).

However, should plaintiff seek to amend his complaint to add these causes of action, such amendment would be futile because the United States has not waived sovereign immunity, and plaintiff fails to state a claim upon which relief may be granted.

### 1.   Title 42, United States Code, Section 1983

Title 42, United States Code section 1983 provides that any person who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the constitution . . . shall be liable to the party injured in an

---

[1] A copy of all unpublished decisions cited in this brief are attached hereto as Exhibit A.

action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. A plaintiff who alleges a "violation of a right secured by the Constitution and laws of the United States, [] must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 provides a cause of action against a state or "a person for whom the state is responsible," not a federal employee acting in their official capacity such as Attorney General Jeff Sessions. *See Lugar v. Edmondson Oil Company, Inc.*, 457 U.S. 922, 937 (1982).

Moreover, a lawsuit against an employee of the federal government in his official capacity is a suit against the sovereign. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The United States may not be sued without its consent. *Bartley v. United States*, 123 F.3d 466, 457 (7th Cir. 1997); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The United States has not waived its sovereign immunity for alleged civil rights or constitutional violations. *Meyer*, 510 U.S. at 477-78*; Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) ("suits against the United States brought under the civil rights statutes are barred by sovereign immunity"). "[E]xcept as Congress has consented to a cause of action against the United States, 'there is not jurisdiction . . .to entertain suits against the United States.'"

Section 1983 is not a statute on which plaintiff can base his claim for relief.

### 2. Title 42, United States Code, Section 1985

Title 42, United States Code, Section 1985 is titled "[c]onspiracy to interfere with civil rights." Section 1985(3) provides as follows:

> If two or more persons in any State or Territory conspire or go in disguise on the
> highway or on the premises of another, for the purpose of depriving, either directly

3

or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C.A. § 1985. Plaintiff points toward the Electoral College members and the states as those responsible for depriving him of a right by deciding to award electoral votes under a winner take all method. Plaintiff's brief at 4. Plaintiff argues that "[w]hen the electors for president decided to award all the electoral votes from a state, Congressional District or the District of Columbia to only one presidential candidate, that would establish a conspiracy." *Id*.

First, "[s]overeign immunity, however, bars §§ 1985(3) . . . suits brought against the United States and its officers acting in their official capacity." *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000). Second, Section 1985 requires that a right or privilege of a citizen be deprived, and there is no right to a proportional allocation of votes in the Electoral College. See U.S. Const. Amend. XII; Wis. Stat. § 7.75. An equal protection claim under § 1985 "is one species of a claim alleging violation of the Fourteenth Amendment, and hence like all Fourteenth Amendment claims requires state action." *Williams v. St. Joseph Hospital*, 629 F.2d 448, 451 (7th Cir. 1980). Plaintiff, however, is suing a federal officer. Third, "[t]he function of § 1985(3) is to permit recovery from a private actor who has conspired with state actors." *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). There is no allegation in the

4

complaint that defendant conspired with state actors. Also, section 1985 provides for the "recovery of damages." Plaintiff is not seeking damages in this action; rather, he is seeking to remove President Trump and Vice President Pence from office, expunge all executive orders entered by President Trump, remove all officials appointed by President Trump, and have Joseph Biden serve as President along with a new Vice-President.

Section 1985 is not a statute on which plaintiff can base his claim for relief.

### 3. Title 42, United States Code, Section 1988

Plaintiff argues that Title 42, United States Code, Section 1988 provides him with standing to sue the Attorney General. Plaintiff's brief at 5. Section 1988, however, does not provide the plaintiff with standing.

Section 1988 does not create an independent cause of action. *Moor v. Alameda Cty.*, 411 U.S. 693, 702 (1973). Section "1988 does not create an independent cause of action, but instead deals with the procedure to be followed in civil rights actions brought under other statutory provisions." *Nicholson v. Conrail, No.* 86 C 5551, 1987 WL 5406, at 2 (N.D. Ill. Jan. 14, 1987); *Moor v. Alameda County,* 411 U.S. at 702. It does not create an independent cause of action. Also, the United States has not waived its sovereign immunity for alleged civil rights or constitutional violations. *Meyer*, 510 U.S. at 477-78.

Because plaintiff has not identified another federal statute that supports his claim, and because § 1988 does not provide support for one on its own, plaintiff does not have a statutory basis for his claim. Section 1988 is not a statute on which plaintiff can base his claim relief.

### B. Plaintiff fails to state a claim for relief under The Voting Rights Act.

Plaintiff argues that the Attorney General "could have initiated an action to correct the unconstitutional actions of the electoral members after he had been appointed to his position."

5

Plaintiff's brief at 7. Plaintiff appears to argue that because the Attorney General is responsible for investigating discrimination under the Voting Rights Act, the Attorney General should be required to "undertake investigations and litigation throughout the United States and its territories, conducts administrative reviews of changes in voting practices and procedures and monitors elections." *Id.* at 5-6 (internal quotations omitted).

The Voting Rights Act of 1965 protects the rights of American citizens to vote by guaranteeing that no "voting qualification or prerequisite to voting or standard, practice, or procedure" is established on account of "race or color." 52 U.S.C. § 10301 (formerly cited as 42 U.S.C. § 1973). Plaintiff does not allege that he was denied the right to vote on the basis of his race or color nor does he allege that any citizen was denied their right to vote on the basis of race or color. Plaintiff is correct that § 10301 establishes the Attorney General's ability to undertake an investigation, but only in the context of the Voting Rights Act. The injuries plaintiff alleges have nothing to do with the protections listed in the Voting Rights Act.

Further, the Attorney General has investigatory discretion. The Attorney General of the United States operates with a large amount of discretion in deciding what cases the United States will pursue. Specifically:

> The Attorney General's absolute discretion in deciding whether or not to prosecute criminal cases was confirmed by the Fifth Circuit Court of Appeals in *Smith v. United States*, 375 F.2d 243 (5th Cir., 1967). In our opinion, the Attorney General and the executive branch of the government have the same discretion in deciding whether the United States is concerned in a particular civil action.

*Shaw v. Garrison*, 293 F. Supp. 937, 944–45 (E.D. La. 1968), aff'd, 393 U.S. 220 (1968). Plaintiff claims that a ruling in his favor "would force the Attorney General / Department of Justice to require states to change their laws on how electoral votes are awarded to presidential candidates" (Plaintiff's brief at 9), but the Attorney General has "absolute discretion" on these matters. *Id.* at 944.

Plaintiff has not identified a substantive law provision that waives sovereign immunity such that the Court can order the Attorney General to investigate plaintiff's challenge to the "winner-take-all practice."

### C. Federal Question Jurisdiction

Plaintiff states in his brief at page 8 that the United States District Court has jurisdiction over cases involving federal questions. Plaintiff appears to be referring to Title 28, United States Code, Section 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This is referred to as subject matter jurisdiction. In order to establish subject matter jurisdiction, a plaintiff has the burden to show that he has standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). "Standing has three components: injury, causation, and redressability." *1000 Friends of Wisconsin Inc. v. U.S. Dept. of Trans.*, 860 F.3d 480, 483 (7th Cir. 2017).

#### 1. Wisconsin Law Determined how Members of the Electoral College from Wisconsin Voted on December 19, 2016

Plaintiff lacks standing to sue because his alleged injury is caused by third parties and not the federal government. *Gordon v. National Archives and Records Administration*, Case No. 16-2458, 2017 WL 2671931, at *3 (D.D.C. June 20, 2017). Wisconsin Statute Section 8.18 provides that nominated candidates for the Wisconsin State Legislature, state officers, and holdover state senators of each political party meet with the purpose of nominating electors for each congressional district and two additional at-large electors. Under Wisconsin Statute Section 7.75, "[t]he presidential electors, when convened, shall vote by ballot for that person for president and that person for vice president who are, respectively, the candidates of the political party which nominated them under [Wisconsin Statute Section] 8.18." This is because "[w]hen a voter casts a vote for a candidate for President of the United States, s/he is in actuality casting a

7

vote for the presidential electors who were selected by that candidate's party." NATIONAL CONFERENCE OF STATE LEGISLATURES, http://www.ncsl.org/research/elections-and-campaigns/the-electoral-college.aspx (last visited Aug. 4, 2017). The Winner-Take-All method is allowed because the U.S. Constitution does not specify a method for states to determine who the presidential electors are for a given state. *Id.*

Under the Winner-Take-All System, as is used in Wisconsin and forty-seven other states, the candidate who wins the popular vote in a state gets to have their party's electors selected to cast votes for that state in the Electoral College. *See Id.* Many of these states have a law similar to Wisconsin Statute Section 7.75 that requires that Electors cast their vote for the political party that nominated them, which is why all of the Electoral College votes go to the candidate who won the popular voter of that state. *See e.g.* Wis. Stat. § 7.75. Some of those states have laws that fine or even provide for criminal punishment of "faithless electors," electors that choose to vote for someone else other than the candidate of the party that nominated them to be an Elector. NATIONAL CONFERENCE OF STATE LEGISLATURES, http://www.ncsl.org/research/elections-and-campaigns/the-electoral-college.aspx (last visited Aug. 4, 2017). Only Nebraska and Maine use what is called "the District System."[2] *Id.* The only difference between a Winner-Take-All System and the District System is that the elector allocated to each congressional district is chosen by who wins that district, rather than the state as a whole. *Id.* The proportional allocation system, which plaintiff argues is constitutionally mandated, is not used by any state. *See Id.*

Plaintiff has clearly stated that he is not challenging the constitutionality of the Electoral College. Plaintiff's brief at 2. Rather, plaintiff is challenging the "winner-take-all" practice, and

---

[2] In its brief filed on July 13, 2017, defendant incorrectly described Maine's system as proportional. Maine uses a district system.

8

the Attorney General does not have a role in deciding how the State of Wisconsin allocates its Electoral College votes. The State of Wisconsin controls how the electoral votes are cast. Without causation and redressability, plaintiff lacks standing.

### 2. Amendment XXIV does not apply to Plaintiff's argument about the Electoral Collection.

Plaintiff also alleges that the proportional system of allocating Electoral College votes is required since the passage of the Twenty-Fourth Amendment. Plaintiff's brief at 8-9. Section one of the Twenty-Fourth Amendment provides as follows:

> The right of citizens of the United States to vote in any primary or other election for President or Vice President, for electors for President or Vice President, or for Senator or Representative in Congress, shall not be denied or abridged by the United States or any State *by reason of failure to pay any poll tax or other tax.*

U.S. Const. Amend. XXIV (emphasis added). The purpose of the Twenty-Fourth Amendment was "to combat the 'disenfranchisement of the poor,' which was the intention of the early poll taxes." *Gonzalez v. Arizona*, 485 F.3d 1041, 1049 (9th Cir. 2007) (citing *Harman v. Forssenius*, 380 U.S. 528, 539 (1965)). The Twenty-fourth Amendment has no relation to the Electoral College or how votes within it are allocated. *See iad.* Therefore, plaintiff's argument that the Twenty-fourth Amendment requires the implementation of a proportional allocation system is invalid and fails to state a claim.

### 3. Mootness

Even if plaintiff had standing, it does not change the fact that plaintiff's claim is moot. "A case becomes moot when a party's legally cognizable interest in the litigation ceases to exist, and the case must be dismissed for lack of jurisdiction." *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008). The electoral votes have been cast and the United States Congress certified the votes. Plaintiff's request for relief is moot because the President and Vice President of the United States have been elected. *Strunk v. U.S. House of Representatives*, 24 F. App'x 21, 22–23 (2d Cir.

9

2001). The Constitution grants to Congress the sole power of impeachment of the President. U.S. Const. Art. I, § 3, cl.6. This court lacks jurisdiction to remove a sitting president. Plaintiff fails to satisfy the redressability prong of standing and fails to state a claim upon which relief may be granted.

Plaintiff has also failed to establish that he has suffered a particularized injury. "[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citations omitted). It still remains that plaintiff has not suffered any injury as a result of the winner-take-all method because the change in electoral college votes in Wisconsin would not have been sufficient to change the outcome of the presidential election. Without injury, plaintiff lacks standing.

## CONCLUSION

Wherefore, based on the arguments herein and in the initial motion to dismiss, the plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), or Fed. R. Civ. P. 12(b)(6) for lack of standing and mootness.

Dated this 14th day of August 2017.

          GREGORY J. HAANSTAD
          United States Attorney

By:  s/Susan M. Knepel

     SUSAN M. KNEPEL
     Assistant United States Attorney
     Wisconsin State Bar No. 1016482
     530 Federal Courthouse
     517 E. Wisconsin Avenue
     Milwaukee, WI 53202
     Telephone: (414) 297-1723
     Facsimile: (414) 297-4394
     Email: susan.knepel@usdoj.gov