# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GARY LLOYD BARNES,

    Plaintiff,

    v.                                                                                  Case No. 17-CV-688

UNITED STATES OF AMERICA'S
ATTORNEY GENERAL JEFF SESSIONS

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND

Gary Barnes, who is representing himself in this lawsuit, seeks to have the "winner-take-all" allocation of votes in the Electoral College for President and Vice President declared unconstitutional, President Trump and Vice President Pence removed from office, the expungement of executive orders, the removal of Presidential appointees, and Joseph Biden appointed as President. Before me are (1) defendant's motion to dismiss Barnes' complaint under Fed. R. Civ. 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim and (2) Barnes' motion to amend his complaint. For the reasons explained below, I will grant defendant's motion to dismiss and I will deny Barnes' motion to amend his complaint.

## BACKGROUND

The Electoral College is established in the Constitution as the method of deciding the President and Vice President of the United States. U.S. Const. art. II, §1, cl.2. Under Article II Section I of the Constitution, "[e]ach State shall appoint, in such Manner as the

Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress." U.S. Const. art. II § I. In other words, the Constitution mandates that each state have as many Presidential Electors as they do members of Congress, but gives states large discretion in the method of selecting their Presidential Electors. Wis. Stat. § 7.75 states that electors shall meet in December after the Presidential election and vote by ballot for the Presidential and Vice-Presidential candidate who belong to the political party that nominated them. Wis. Stat. § 7.75. Moreover, "[l]ike most states, Wisconsin awards Electoral College votes on a 'winner-takes-all' basis, meaning the Presidential candidate with the most votes gets all the Electoral College votes." *Wisconsin's Presidential Electors Meet at State Capitol*, Wisconsin Elections Commission, (last visited February 9, 2018), elections.wi.gov/node/656.

Barnes is challenging the election of Donald Trump and Mike Pence as President and Vice-President and alleges that "members of the Electoral College . . . falsified the Electoral vote totals that were submitted to the States Senate . . . ." (Compl. ¶ 3, Docket # 1.) Specifically, Barnes asserts that the Constitution mandates that the Electoral votes be allotted "in the same proportion to the overall popular vote" in any given state. (Compl. ¶ 33.) Essentially, Barnes argues that the Presidential candidate who wins the popular vote of a given state should not be awarded the entirety of the Electoral votes.

For example, while Donald Trump received 47.22% of Wisconsin's popular vote to Hilary Clinton's 46.45%, President Trump received all ten of Wisconsin's Electoral College votes. *Wisconsin Presidential Race Results: Donald J. Trump Wins*, August 1, 2017, http://www.nytimes.com/election/results/wisconsin-president-clinton-trump. (last visited

February 7, 2018). Barnes states that this method of voting "is a corruption of the Electoral College voting process and constitutes voter fraud." (Compl. ¶ 59.)

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must satisfy Rule 8(a) by providing a "short and plain statement of the claim showing that the pleader is entitled to relief . . . in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley vs. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, the allegations must suggest that the plaintiff is entitled to relief beyond the speculative level. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007). I must construe the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). However, in deciding a motion to dismiss, I am not bound to accept as true legal conclusions couched as facts. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010).

## ANALYSIS

Again, Barnes' primary complaint is that the winner-take-all method of allocating votes in the Electoral College is unconstitutional. Even construed liberally, Barnes' compliant fails to state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In *Williams v. Virginia State Bd. Of Elections*, 288 F. Supp. 622 (E.D. Va. 1968), a three judge panel in the Eastern District of Virginia rejected the argument that the state's "winner-take-all" system of selecting Presidential Electors was unconstitutional. The court stated that Article II, Section I "literally leaves to the State legislature the appointment of electors 'in

such manner' as it may direct." *Id*. at 626. Further, the court noted that although the winner-take-all method disadvantaged minority voters within a given state, "the rule [did] not in any way denigrate the power of one's citizen ballot and heighten the influence of another's vote." *Id*. at 627. Additionally, the court noted that in a "democratic society the majority must rule, unless the discrimination is invidious." *Id*. The court held that there existed no invidious discrimination by the winner-take-all rule. *Id*. ("No such evil has been manifest here."). This decision was affirmed *per curiam* by the United States Supreme Court. *Williams v. Virginia State Bd. Of Elections*, 393 U.S. 320 (1969), *reh'g denied*, 390 U.S. 1112 (1969).

Barnes does not cite, nor have I found, any legal support for distinguishing *Williams* from the present case. On the contrary, several district courts have cited *Williams* in rejecting the argument that the winner-take-all method of Electoral College voting is unconstitutional. *E.g., Schweikert v. Herring*, No. 3:16-CV-72, 2016 WL 7046845 *2 (W.D. Va. Dec. 2, 2016) ("Because the *Williams* decision concerned . . . the constitutionality of Virginia's winner-take-all system for selecting electors—any ruling in Plaintiff's favor would run afoul of Supreme Court precedent."); *New v. Pelosi*, No. 08-Civ-9055, 2008 WL 4755414 *2 (S.D.N.Y. Oct. 29, 2008) (citing *Williams* in holding that "courts have routinely rejected challenges to the Electoral College under the Equal Protection Clause of the Fourteenth Amendment."); *Conant v. Brown*, 248 F. Supp. 3d 1014, 1025 (D. Or. 2017) (explaining in a case where the plaintiff challenged the winner-take-all Electoral system that "*Williams* is still good law and Plaintiff offers no basis for distinguishing it").

Accordingly, in light of *Williams*, Barnes has not stated a plausible claim for relief. The Constitution allows each state to appoint Electors in a manner of its choosing. U.S.

4

Const. art. II § 1, Cl. 2. Furthermore, Wis. Stat. § 7.75 states that the selected Presidential electors shall vote for the President and Vice President who belong to their political party. Therefore, defendant's motion to dismiss is granted.

Finally, Barnes moves to amend his complaint. (Docket # 16.) "Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004). However, "'a court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss.'" *Crestview Village Apartments v. United States Dept. of Housing and Urban Development*, 383 F.3d 552, 558 (7th Cir. 2004) (internal citation omitted).

Here, it is clear from the face of the complaint that any amendment would be futile. In his proposed amended complaint, Barnes continues to contest the 2016 Presidential election by challenging the constitutionality of the winner-take-all method of the Presidential Electoral College. (Am. Compl. ¶ 1, Docket # 16-2.) In his proposed amended complaint, Barnes seeks to raise his claims under 42 U.S.C. § 1983, among other statutes. (Am. Compl. ¶ 17.) Nevertheless, raising additional federal statutes would not cure the complaint. As discussed above, *Williams* forecloses the sort of challenge to the winner-take-all method of the Electoral College that Barnes seeks to raise. *See Williams v. Virginia State Bd. Of Elections*, 393 U.S. 320 (1969). Therefore, Barnes' motion to amend his complaint is denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss for failure to state a claim (Docket # 7) is **GRANTED**;

**IT IS FURTHER ORDERED** that Barnes' motion to amend his compliant (Docket # 16 ) is **DENIED**;

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

Dated at Milwaukee, Wisconsin this 14th day of February, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge